

**U.S. Department of Justice**

*United States Attorney*

*District of Maryland*

Judson T. Mihok
Assistant United States Attorney
Judson.Mihok@usdoj.gov

Suite 400
36 S. Charles Street
Baltimore, MD 21201-3119

DIRECT: 410-209-4903
MAIN: 410-209-4800
FAX: 410-962-0716

FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND
2018 JUN -4 PM 4:37
CLERK'S OFFICE
AT BALTIMORE
BY_____DEPUTY

April 29, 2018

Law Office of Joseph A. Balter, LLC
Mt. Washington Mill
1340 Smith Avenue, Suite 200
Baltimore, MD 21209

    Re:    <u>United States v. Raymond Kilchenstein</u>, Crim. No. RDB 17-0659

Dear Mr. Balter:

    This letter, together with the Sealed Supplement, confirms the plea agreement which has been offered to the Defendant by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have him execute it in the spaces provided below. If this offer has not been accepted by close of business on May 7, 2018, it will be deemed withdrawn. The terms of the agreement are as follows:

### Offense of Conviction

    1.    The Defendant agrees to plead guilty to Count One of the Indictment pending against him which charges him with Transportation of Child Pornography, in violation of 18 U.S.C. §§ 2252A(a)(1) and (b)(1). The Defendant admits that he is, in fact, guilty of this offense and will so advise the Court.

### Elements of the Offense

    2.    The elements of the offense to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows:

### Transportation of Child Pornography (Count One)

    First, that on or about July 25, 2015, the Defendant knowingly transported a visual depiction;

    Second, said visual depiction was shipped or transported in and affecting interstate or foreign commerce by any means, including computer;

    Third, the production of said visual depiction involved the use of a minor engaging in sexually explicit conduct;

and
Fourth, said visual depiction is of a minor engaged in sexually explicit conduct;

Fifth, the Defendant knew that at least one of the individuals in such visual depiction was a minor and knew that the visual depiction was of such minor engaged in sexually explicit conduct.

## Penalties

3. The maximum sentence provided by statute for the offense to which your client is pleading guilty is a mandatory minimum of five (5) years of incarceration, with a maximum of twenty (20) years of incarceration, followed by a term of supervised release of not less than five years and not more than life and a fine of up to $250,000. In addition, the Defendant must pay $100 as a special assessment for each offense pursuant to 18 U.S.C. § 3013, and must pay a $5,000 special assessment pursuant to Title 18, United States Code, Section 3014(a), which will be due and should be paid at or before the time of sentencing.. This Court may also order him to make restitution pursuant to 18 U.S.C. §§ 3663, 3663A, and 3664. If a fine or restitution is imposed, it shall be payable immediately, unless, pursuant to 18 U.S.C. § 3572(d), the Court orders otherwise. The Defendant understands that if he serves a term of imprisonment, is released on supervised release, and then violates the conditions of his supervised release, his supervised release could be revoked - even on the last day of the term - and the Defendant could be returned to custody to serve another period of incarceration and a new term of supervised release. The Defendant understands that the Bureau of Prisons has sole discretion in designating the institution at which the Defendant will serve any term of imprisonment imposed.

4. The Defendant understands and agrees that as a consequence of his conviction for the crime to which he is pleading guilty, he will be required to register as a sex offender in the place where he resides, where he is an employee, and where he is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of his residence. Failure to do so may subject him to new charges pursuant to 18 U.S.C. § 2250.

## Pending Forensic Analysis

5. The Defendant understands that as part of this plea agreement, he will provide the password necessary to access the Apple iPhone 7, model: A1660, FCC ID: BCG-E3085A, IC: 579C-E3085A, black in color, seized from him upon his arrest on December 15, 2017 ("the iPhone"). Access to the iPhone and the ability to conduct a full forensic examination of the iPhone is a condition of this plea agreement. Further, if the forensic analysis reveals evidence of the production of child pornography, the use of an interstate facility to engage in a sexual act with a minor, or any crime of violence (with the exception of the possession, receipt, and/or transportation/distribution of child pornography), the Government will be free to prosecute those offenses. However, if the forensic examination reveals evidence limited to the possession, receipt, and/or transportation/distribution of child pornography, the Government agrees not to utilize the results of the examination during the sentencing hearing.

<u>Waiver of Rights</u>

6.    The Defendant understands that by entering into this agreement, he surrenders certain rights as outlined below:

    a.    If the Defendant had persisted in his plea of not guilty, he would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b.    If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c.    If the Defendant went to trial, the government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in his defense, however, he would have the subpoena power of the Court to compel the witnesses to attend.

    d.    The Defendant would have the right to testify in his own defense if he so chose, and he would have the right to refuse to testify. If he chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from his decision not to testify.

    e.    If the Defendant were found guilty after a trial, he would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges against him. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f.    By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that he may have to answer the Court's questions both about the rights he is giving up and about the facts of his case. Any statements the Defendant makes during such a hearing would not be admissible against him during a trial except in a criminal proceeding for perjury or false statement.

    g.    If the Court accepts the Defendant's plea of guilty, there will be no further trial or proceeding of any kind, and the Court will find him guilty.

    h.    By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status. The Defendant recognizes that if he is not a citizen of the United States, pleading guilty may have consequences with respect to his immigration status. Under federal law, conviction for a broad

range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including his attorney or the Court, can predict with certainty the effect of a conviction on immigration status. Defendant nevertheless affirms that he wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

7. The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. §§ 3551-3742 (excepting 18 U.S.C. §§ 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

8. This Office and the Defendant understand, agree and stipulate to the following Statement of Facts set forth in Attachment A hereto which this Office would prove beyond a reasonable doubt and to the following applicable sentencing guidelines factors:

    a. The base offense level is twenty-two (22) pursuant to U.S.S.G. §2G2.2(a)(1).

    b. Pursuant to U.S.S.G. §2G2.2(b)(2), there is a two (2) level increase because the depictions involved prepubescent minors or minors under the age of twelve (12).

    c. Pursuant to U.S.S.G. §2G2.2(b)(3)(B), there is a five (5) level increase because the offense involved distribution for the receipt, or expectation of receipt, of a thing of value, but not for pecuniary gain.

    d. Pursuant to U.S.S.G. §2G2.2(b)(4), there is a four (4) level increase because the material portrays sadistic or masochistic conduct or other depictions of violence.

    e. Pursuant to U.S.S.G. §2G2.2(b)(6), there is a two (2) level increase because the possession and distribution involved the use of a computer.

    f. Pursuant to U.S.S.G. §2G2.2(b)(7)(D), there is a five (5) level increase because the number of images exceeds 600.

    g. This Office does not oppose a two-level reduction in the Defendant's adjusted offense level, based upon your client's apparent prompt recognition and affirmative acceptance of personal responsibility for his criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. §3E1.1(b) for an additional 1-level decrease in recognition of your client's acceptance of personal responsibility for his conduct. This Office may oppose any adjustment for acceptance of responsibility if your client (a) fails to admit each and every item in the factual stipulation; (b) denies involvement in the offense; (c) gives conflicting statements

about his involvement in the offense; (d) is untruthful with the Court, this Office or the United States Probation Officer; (e) obstructs or attempts to obstruct justice prior to sentencing; (f) engages in any criminal conduct between the date of this agreement and the date of sentencing; or (g) attempts to withdraw his plea of guilty.

        h.    Thus, the final anticipated adjusted base offense level is thirty-seven (37).

9. The Defendant understands that there is no agreement as to his criminal history or criminal history category, and that his criminal history could alter his offense level if he is a career offender or if the instant offense was a part of a pattern of criminal conduct from which he derived a substantial portion of his income.

10. This Office and the Defendant agree that, with respect to the calculation of the advisory guidelines range, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in Chapters 2, 3, 4 or 5 of the United States Sentencing Guidelines will be raised or are in dispute.

11. The parties reserve the right to bring to the Court's attention at the time of sentencing, and the Court will be entitled to consider, all relevant information concerning the Defendant's background, character and conduct. Should the defendant choose to file a sentencing memorandum in this matter, the defendant agrees to file any such memorandum ten business days prior to the date of sentencing.

## Rule 11 (c) (1) (C) Plea

12. The parties stipulate and agree pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) that a sentence of 150 months of imprisonment, to be followed by at least five years and up to a lifetime term of supervised release, is the appropriate disposition of this case. This agreement does not affect the Court's discretion to impose any lawful conditions of supervised release. In the event that the Court rejects this plea agreement, either party may elect to declare the agreement null and void. Should the Defendant so elect, he will be afforded the opportunity to withdraw his plea pursuant to the provisions of Federal Rule of Criminal Procedure 11(c)(5). The parties agree that if the Court finds that the defendant engaged in obstructive or unlawful behavior and/or failed to acknowledge personal responsibility as set forth herein, neither the Court nor the government would be bound by the specific sentence or sentencing range contained in this paragraph and the defendant would not be able to withdraw his plea.

## Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this plea agreement, this Office and the Defendant waive their rights to appeal as follows:

        a.    The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s).

b.  The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release).

c.  The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

14.  The Defendant further waives any and all motions, defenses, probable cause determinations, objections which defendant could assert to the Indictment or to the Court's entry of judgment against the Defendant, and any imposition of sentence upon the Defendant consistent with this agreement. If Defendant files a notice of appeal, notwithstanding this agreement, Defendant agrees that this case shall be remanded to the district court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

## Obstruction or Other Violations of Law

15.  The Defendant agrees that he will not commit any offense in violation of federal, state or local law between the date of this agreement and his sentencing in this case. In the event that the Defendant (i) engages in conduct after the date of this agreement which would justify a finding of obstruction of justice under U.S.S.G. §3C1.1, or (ii) fails to accept personal responsibility for his conduct by failing to acknowledge his guilt to the probation officer who prepares the Presentence Report, (iii) moves to withdraw his guilty plea or (iv) commits any offense in violation of federal, state or local law, then this Office will be relieved of its obligations to the Defendant as reflected in this agreement. Specifically, this Office will be free to argue sentencing guidelines factors other than those stipulated in this agreement, and it will also be free to make sentencing recommendations other than those set out in this agreement. As with any alleged breach of this agreement, this Office will bear the burden of convincing the Court of the Defendant's obstructive or unlawful behavior and/or failure to acknowledge personal responsibility by a preponderance of the evidence. The Defendant acknowledges that he may not withdraw his guilty plea--even if made pursuant to Rule 11(c)(1)(C) -- if the Court finds that the defendant engaged in obstructive or unlawful behavior and/or failure to acknowledge personal responsibility. In that event, neither the Court nor the government would be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to 11(c)(1)(C).

## Forfeiture

16.  The defendant agrees to forfeit all right, title and interest in the property seized by law enforcement authorities from his residence on February 10, 2017, including, but not limited to: one Purple Lexar USB thumb drive, s/n AAZGMH8QMM0S4LN7; one Toshiba USB thumb drive, s/n C89CDCBF7052CF50; one Purple Lexar USB thumb drive, s/n AAXUNKC0VVZ7TUXN; one Western Digital hard drive, wd500aakS-65A7B0, s/n WMASY1469715; and one ASUS laptop, X551M, and accompanying Seagate Hard Drive

ST5000LT012 s/n S3PFCGOR; as well as any other items seized, where forensic analysis establishes, were used to distribute and/or possess child pornography. He further agrees to take whatever steps are necessary to pass clear title to those properties to the United States.

## Restitution

17. For purposes of sentencing, the offense of conviction constitutes a crime of violence pursuant to 18 U.S.C. § 16. Therefore, under 18 U.S.C. §§ 3663A, 2259, and 3771, any identified victim is entitled to mandatory restitution. The restitution could include the medical bills, compensation for time missed from work, as well as counseling costs (including travel) for any of the victims related to the incident, if any such costs exist or are reasonably projected. 18 U.S.C. §§ 2259, 3663A(b)(2) and (4). The Defendant further agrees that he will fully disclose to the probation officer and to the Court, subject to the penalty of perjury, all information, including but not limited to copies of all relevant bank and financial records, regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this plea agreement, and this Office may seek to be relieved of its obligations under this agreement. Defendant understands that an unanticipated amount of a restitution order will not serve as grounds to withdraw Defendant's guilty plea. If the Defendant is incarcerated, the Defendant agrees to participate in the Bureau of Prisons Inmate Financial Responsibility Program.

## Entire Agreement

18. This letter supersedes any prior understandings, promises, or conditions between this Office and the Defendant and, together with the Sealed Supplement, constitutes the complete plea agreement in this case. The Defendant acknowledges that there are no other agreements, promises, undertakings or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement and none will be entered into unless in writing and signed by all parties.

If the Defendant fully accepts each and every term and condition of this agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Robert K. Hur
United States Attorney

By: *[signature]*
Judson T. Mihok
Assistant United States Attorney

I have read this agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney, and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

5-9-18
Date

Raymond Kilchenstein

I am Raymond Kilchenstein's attorney. I have carefully reviewed every part of this agreement, including the Sealed Supplement, with him. He advises me that he understands and accepts its terms. To my knowledge, his decision to enter into this agreement is an informed and voluntary one.

5-9-18
Date

Joseph A. Balter, Esq.

## EXHIBIT A
## STIPULATED FACTS

*The undersigned parties hereby stipulate and agree that the following facts are true, and if this case had proceeded to trial, the government would have proven these facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

The defendant, Raymond Kilchenstein ("Kilchenstein"), born in 1965, is a former resident of Essex, Baltimore County, Maryland.

On May 12, 1997, at Travis Air Force Base, Kilchenstein pled guilty under Article 134 of the Uniform Code of Military Justice and admitted that, from March 1992 through June 1996, he repeatedly sexually abused a minor female, including penetrating the minor female's vagina with his fingers and penis, as well as acts of oral sex. When the abuse began, the minor female was four years old. Kilchenstein also acknowledged that in June of 1996, he fondled the breasts and vagina of a second 10 year-old minor female. Kilchenstein was sentenced to ten years of confinement and dishonorably discharged from the Air Force. Kilchenstein was released on or about May 2, 2003 and, since that time, has been registered as a sex offender.

Beginning in 2015, Kilchenstein was trading child pornography in three separate ways: (1) by using a foreign web site that facilitates sharing images and videos; (2) through various email addresses; and (3) by utilizing KIK, an instant messaging application for mobile devices that allows users to share photos, videos, and other content, while utilizing the username "daddyspike."

On February 10, 2017, law enforcement executed a search warrant at Kilchenstein's home but he was not present at the time. Law enforcement seized various digital storage media, to include three thumb drives, an ASUS laptop computer, and a hard drive. While the investigation indicated that Kilchenstein was likely using a cellular telephone to access the internet generally, and the KIK application, specifically, there was no cellular telephone found at the residence even

1

though law enforcement observed a box for an iPhone.

The electronic items seized were submitted to the FBI Digital Analysis Research Center for forensic examinations. The forensic examinations resulted in the discovery of over 20,000 images and approximately 665 videos of child pornography, to include over 275 identified series of child pornography, stored within the electronic items seized from Kilchenstein's residence. The images and videos included prepubescent minors engaged in sexually explicit conduct, as well as sadistic, masochistic, and other depictions of violence. The images and videos described in the Indictment are incorporated and acknowledged here.

The items seized were all manufactured outside Maryland, specifically: one Purple Lexar USB thumb drive, s/n AAZGMH8QMM0S4LN7; one Toshiba USB thumb drive, s/n C89CDCBF7052CF50; one Purple Lexar USB thumb drive, s/n AAXUNKC0VVZ7TUXN; one Western Digital hard drive, wd500aakS-65A7B0, s/n WMASY1469715; and one ASUS laptop, X551M, and accompanying Seagate Hard Drive ST5000LT012 s/n S3PFCGOR. Therefore, the videos and images were produced using materials that, had been mailed, shipped, and transported in and affecting interstate and foreign commerce.

Forensic examination of the hard drive from Kilchenstein's ASUS laptop indicated that he backed up his iPhone to that drive. The back-up file contained music files, image files, text messaging files, streams of text messages where images were both sent and received, along with other information stored within the original phone to which the backup file was created. Kilchenstein's iPhone backup file had Kik messenger installed with a user input screenname of "daddyspike", and a user input name of "Ray K". Stored KIK messages in Kilchenstein's backup file show that he utilized the application to both send and received images of child pornography to other users on KIK. Thus, these images were sent and received in and affecting interstate and

foreign commerce.

On December 15, 2017, Kilchenstein was arrested at his residence in Essex, Baltimore County, Maryland. At the time of the arrest, an Apple iPhone 7, model: A1660, FCC ID: BCG-E3085A, IC: 579C-E3085A, black in color, and stored within an "Otterbox" brand phone case was seized, but locked, thus preventing forensic analysis of it to date.

I have read this statement of facts, and carefully reviewed it with my attorney. I acknowledge that it is true and correct.

4/18/18
Date

Raymond Kilchenstein

I am Raymond Kilchenstein's attorney. I have carefully reviewed the statement of facts with him. He acknowledges it is true and correct and he knowingly and voluntarily agrees to it.

4-18-2018
Joseph A. Balter, Esq.

3